**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

COLUMBIA GAS TRANSMISSION LLC, *

*Plaintiff,* *

v. * Civil Action No. 1:14-cv-00220-JFM

THOSE CERTAIN PARCELS IN BALTIMORE BALTIMORE COUNTY AND HARFORD COUNTY, MARYLAND, ET AL., * *

*Defendants.* *

* * * * * * * * * * * * *

**PLAINTIFF COLUMBIA GAS TRANSMISSION LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR IMMEDIATE POSSESSION AND ACCESS TO PROPERTY AND MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Columbia Gas Transmission LLC ("Columbia"), by counsel, submits this Reply Memorandum of Law in support of its Motion for Immediate Possession and Access to Property and its Motion for Partial Summary Judgment.

## INTRODUCTION

Pursuant to its eminent domain authority under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission ("FERC"), Columbia moved for partial summary judgment and for immediate access to property owned by Defendants Kenneth T. Bosley and Phyllis B. Bosley (the "Bosleys"), and Balama Farms Inc., which is owned by the Bosleys ("Balama," and collectively with the Bosleys, the "Landowners"). *See* ECF Nos. 23 & 24. Columbia argued that it is entitled to an order confirming its right to condemn the Landowner's property because there is no genuine dispute of fact that it has satisfied the standard in the Natural Gas Act that it is a

holder of a Certificate of Public Convenience and Necessity (the "FERC Certificate") and that it has been unable to secure the sought after property rights through contract. *See* 15 U.S.C. § 717f(h). Columbia further claimed that it is entitled to immediate access to the Landowner's property to conduct the required horizontal directional drilling ("HDD") surveys because it has met the preliminary injunction standard described in *Blackwelder Furniture Co. v. Selig,* 550 F.2d 189 (4th Cir. 1977). *See E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808 (4th Cir. 2004) (applying *Blackwelder* standard to motion for immediate possession in natural gas pipeline condemnation action).

The Landowners opposed these motions in a Consolidated Response filed on April 11, 2014. *See* ECF No. 26. However, the Landowners' arguments that Columbia has no power of eminent domain and is not entitled to immediate access to conduct HDD surveys are demonstrably wrong. Therefore, for the reasons addressed below and in its Motion for Immediate Possession and Access to Property and its Motion for Partial Summary Judgment, Columbia is entitled to the relief sought.

## ARGUMENT

### A. The Landowners Misinterpret the Scope of the FERC Certificate.

Throughout their Consolidated Response, the Landowners wrongly contend that, because FERC Certificate does not specifically authorize HDD as a waterbody crossing method or specifically identify the Landowners' property, that Columbia lacks the authority to conduct HDD surveys in this action. This argument, however, is based on misinterpretation of the FERC Certificate, which is attached in its entirety as Exhibit A to Jennifer Cannon's Affidavit in support of the Motion for Partial Summary Judgment and for Immediate Possession and Access to Property.

Paragraphs 63 through 68 of the FERC Certificate discuss different potential waterbody crossing methods for the Line MB Expansion Project. *See* Cannon Aff., Ex. A, ¶¶ 63-68. In the agency approval process, Columbia proposed and FERC approved using an open cut, dry-ditch method to cross waterbodies, while certain permitting authorities, including the Maryland Department of Natural Resources ("DNR") and the Army Corps of Engineers, favored the HDD method. *See* Cannon Aff., Ex. A, ¶ 63. The FERC Certificate describes the ongoing analysis by Columbia, the Maryland DNR, and the Army Corps of Engineers about using HDD as a crossing method at specific waterbody crossings:

> While Columbia has not proposed HDD, Columbia is still consulting the Army Corps of Engineers, the Maryland DE, and the Maryland DNR about using HDD at specific waterbody crossings. The Army Corps of Engineers states that, in consultation with the Maryland DNR and the Maryland DE, it is currently evaluating the practicability of trenchless construction (e.g., HDD) at several crossing locations and that the Clean Water Act's Section 404 probably requires HDD at certain streams/wetlands. Thus, although Columbia's proposed waterbody crossing and mitigation plans are consistent with our policies, the Army Corps of Engineers and the Maryland DE might require additional measures. If these agencies require Columbia to complete certain waterbody/wetland crossings using HDD, Columbia must file a variance request, pursuant to Appendix B's Environmental Condition 1. The Commission's environmental staff will review such a request before approving construction commencement.

Cannon Aff., Ex. A, ¶ 67. Thus, the FERC Certificate specifically contemplates this continued evaluation of the suitability of HDD as part of the Line MB Expansion Project and the possibility that the Maryland DNR and the Army Corps of Engineers may require that method. Moreover, the FERC Certificate specifically contemplates that HDD may be utilized with the proper approval from FERC.

The purpose of this condemnation action is to access properties identified by the Maryland DNR and the Army Corps of Engineers to conduct surveys about the feasibility of HDD at certain waterbody crossings. *See* Amended Complaint, ¶¶ 15-16 (ECF No. 12). If

Columbia is required to perform HDD on the Landowners' properties or any other properties in connection with the Line MB Expansion Project, Columbia will have to file a variance with FERC; however, the existing FERC Certificate allows Columbia to conduct the necessary surveys and evaluations to make that determination.  The Landowners' argument to the contrary means that Columbia would never be able to discover the information necessary to determine whether a variance specifically mentioned by the FERC Certificate is needed.

In *Nw. Pipeline G.P. v. Francisco*, a federal trial court addressed a similar situation where the certificate of public convenience and necessity did not specifically mention the defendants' property, but did require Northwest Pipeline to obtain certain state and federal permits, including the completion of a specific restoration project for which it needed to access the defendants' property.  *See* 2008 U.S. Dist. LEXIS 83566, at *2 (W.D. Wa. Oct. 3, 2008). The court concluded that the permits were necessary and integral prerequisites to completion of the pipeline project and, thus, if the restoration project was sufficiently described in the certificate of public convenience and necessity, Northwest Pipelines' eminent domain power would extend to the defendants' property. *See id.* at *16-17 (ordering additional briefing of the remaining factual issue).

Here, the need to continue evaluating HDD as a potentially waterbody crossing method is specifically set forth in Paragraphs 63 through 68 of the FERC Certificate.  Therefore, the surveys necessary to complete that evaluation are necessary and integral to the Line MB Expansion Project and for Columbia to obtain required permits from the Maryland DNR and the Army Corps of Engineers.  Consequently, Columbia's eminent domain power extends to those properties that it must access to complete the necessary HDD surveys.  *See id.*

Moreover, federal courts can enter an order requiring access to properties to complete required archeological and environmental surveys that are preconditions of final FERC approval for pipeline construction. *See Rockies Express Pipeline LLC v. Approx. 16 Acres*, 2008 U.S. Dist. LEXIS 31129, at *1 (S.D. Ind. Apr. 10, 2008). Such an order is necessary when access for surveys will delay the pipeline companies' ability to provide necessary information to FERC and will make it impossible to know if potential right of way across the defendant's property is even possible. *See id*. at *4-5.

Likewise, the court must enter an order allowing Columbia to access the Landowners' properties here to provide necessary information to the Maryland DNR and the Army Corps of Engineers about the feasibility of HDD at certain designated waterbody crossings. An order authorizing such access is appropriate and necessary to enable Columbia to meet their required deadlines under the Line MB Expansion Project and to provide required information to permitting authorities, such as the Maryland DNR and the Army Corps of Engineers.[1]

### B. The Landowners Objections That They Were Not Given the Opportunity to Object to FERC or that Columbia Did Not Attempt to Negotiate with Them Fail.

The Landowners further object to Columbia's requested relief in the Motion for Partial Summary Judgment and Motion for Immediate Possession and Access to Property because they claim that Columbia did not attempt the negotiate with them for access to their properties. However, in so doing, the Landowners filed proof of their own refusal to communicate with Columbia. Columbia first attempted to advise the Landowners of their intention to access the properties at issue here with certified letters dated January 24, 2014. However, the Landowners

1 The Landowners also claim that Columbia failed to comply with the "map rule" by identifying the property sought for the exercise of eminent domain with the use of maps. Columbia specifically attached maps of the Landowners' properties and the specific location of the proposed borehole for the HDD survey as exhibits to its Complaint, therefore, this objection is without merit.

refused to accept those letters and they were returned to Columbia by the U.S. Postal Service. *See* Consolidated Response, Ex. 1 at 21, 29. The Landowners cannot refuse to accept Columbia's communications and then legitimately claim that Columbia failed to attempt to negotiate for access to their properties.

Moreover, the Landowners specifically acknowledge receiving at least two letters from Columbia about the need for HDD surveys on their properties and even attached them as additional exhibits to their opposition. *See* Consolidated Response, Bosley Decl., Ex. 2. Thus, any argument on their part that Columbia did not attempt to negotiate for the right to access their properties for HDD surveys is without basis and is contradicted by exhibits to their Consolidated Response. Further, while the Landowners suggest that their counsel tried to negotiate limited access to the properties at issue, the Landowners have never expressed a willingness to allow the HDD surveys.[2] Therefore, Columbia has not been successful in negotiating for access to the Landowners' properties.[3]

The Landowners also cannot legitimately oppose Columbia's pending motions on the basis that they lacked the ability to object to the Line MB Expansion Project at the FERC approval stage. *See Tenn. Gas Pipeline Co. v. 104 Acres*, 749 F. Supp. 427, 430 (D.R.I. 1990) (noting that landowners have no due process right to notice and hearing in agency proceedings to determine the need for condemnation). A federal district court's role is limited to decisions

---

[2] The Landowners also suggest that counsel for Columbia failed to respond to their counsel's request that Columbia voluntarily dismiss this action. However, counsel for Columbia emailed counsel for the Landowners on February 20 and February 21, several days before the Landowners' deadline to respond to the Complaint, to advise that Columbia was not willing to dismiss. *See* Consolidated Response, Bosley Decl., Ex. 3.

[3] To the extent that the Landowners argue that Columbia failed to offer them just compensation, they bear the burden of disproving an amount offered is just compensation. They fail meet this burden here, thus, any such argument does not prevent Columbia from obtaining its requested relief.

about the "scope of the certificate and to order condemnation of property authorized in the certificate," but that objections to the FERC approval process itself must be made to the U.S. Court of Appeals. *Id.* (citing *Williams Natural Gas Co. v. Oklahoma City*, 890 F.2d 255, 262 (10th Cir. 1989)). As such, to the extent that the Landowner's object to their ability to oppose the Line MB Expansion Project, those objections are not appropriate here.

**C. The Landowners Fail to Show that Columbia is Not Entitled to Immediate Access.**

The Landowners make several other meritless arguments opposing Columbia's motion for immediate possession and access to their properties. First, the Landowners argue that, because Columbia's March 1, 2014 deadline to submit the geotechnical core sample analysis to the Army Corps of Engineers and the Maryland Department of the Environment has already passed, any further delay will not cause prejudice. Federal courts have previously held that construction delays and delays to providing natural gas to putative customers are sufficient harms to justify immediate access to the requested properties. *See Sage*, 361 F.3d at 828. It thus stands to reason that further delays will only cause further harm to Columbia and to the customers served by the Line MB Expansion Project and that the Landowners' argument to the contrary fails.

Second, the Landowners allege that they will suffer irreparable harm if Columbia is granted immediate access to conduct the HDD survey because of the possibility of interfering with farming operations on the property, the potential for damage to a "fragile private driveway," conceivable interference with crop season, and other potential harms. However, these potential harms are highly unlikely given that the borehole for the HDD survey is only 8 inches in diameter and will, therefore, only impact a very small amount of their property. *See* Amended Complaint, ¶ 16. To the extent that there are a legitimate concerns about damage to the

Landowners' properties, these are issues that should be addresses at the due compensation stage of this matter.[4] These objections should not impact Columbia's right to have immediate access to the Landowner's properties to complete the HDD surveys as described in the Motion for Immediate Possession and Access to Property.

Finally, the Landowners object that Columbia has also sought access to their properties in the state court. The surveys sought in the matter pending in the Circuit Court for Baltimore County are less invasive than the HDD surveys and are specifically authorized by Md. Code Ann., Real Prop. § 12-111. Columbia's state court petition to enter the Landowners' properties for these separate surveys does not limit its right to immediate access to conduct the HDD survey in this federal action and the Landowners do not cite to any authority showing otherwise.

## CONCLUSION

For the foregoing reasons and for the reasons stated it is Motion for Immediate Possession and Access to Property and its Motion for Partial Summary Judgment, Columbia respectfully requests that this Court grant its Motion for Immediate Possession and Access to Property and its Motion for Partial Summary Judgment, permit Columbia entry onto the Landowners' Properties for the purposes described in the Complaint in Condemnation before the final determination of just compensation, and award Columbia any other relief that this Court deems just and proper.

Dated: April 28, 2014

Respectfully submitted,

**COLUMBIA GAS TRANSMISSION LLC**
By Counsel

[4] Further, because Columbia seeks to conduct HDD surveys to determine the feasibility of using HDD as a waterbody crossing method, it is entirely possible that, depending on the outcome of the surveys, Columbia will have no further need to access the Landowners' properties. Therefore, the Landowners' objections about potential damage to their entire 150 acres are premature at best.

                                          _____/s/ *Jessica D. Fegan* ___
John D. Wilburn (Federal Bar No. 16902)
Stephen P. Mulligan (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
Tysons Corner, VA 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5281
jwilburn@mcguirewoods.com

Jessica D. Fegan (Federal Bar No. 28660)
**MCGUIREWOODS LLP**
2001 K Street, Suite 400
Washington, D.C. 20006
Telephone: (202) 857-1728
Facsimile: (202) 828-3328
jfegan@mcguirewoods.com

*Counsel for Columbia Gas Transmission LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April, 2014, I electronically filed the foregoing Reply Memorandum in Support of Motion for Immediate Possession and Access to Property and Motion for Partial Summary Judgment with the Clerk of the Court using the CM/ECF system, which sent a notice to the following:

Carolyn Elefant
LAW OFFICES OF CAROLYN ELEFANT
2200 Pennsylvania Ave NW, Fourth Floor
Washington, D.C. 20037
*Counsel for Defendants Balama Farms, Inc., Kenneth Bosley, and Phyllis Bosley*

/s/ Jessica D. Fegan
Jessica D. Fegan (Federal Bar No. 28660)
**MCGUIREWOODS LLP**
2001 K Street, Suite 400
Washington, D.C. 20006
Telephone: (202) 857-1728
Facsimile: (202) 828-3328
jfegan@mcguirewoods.com

*Counsel for Columbia Gas Transmission LLC*