IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION LLC, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. 1:14-cv-00220-JFM |
| THOSE CERTAIN PARCELS IN BALTIMORE COUNTY AND HARFORD COUNTY, MARYLAND, *et al.*, | * * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF COLUMBIA GAS TRANSMISSION LLC'S OPPOSITION
TO MOTION FOR ADDITIONAL FINDINGS AND AMENDED JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 52(b)**

Plaintiff Columbia Gas Transmission LLC ("Columbia"), by counsel, submits this Opposition to Motion for Additional Findings and Amended Judgment Pursuant to Federal Rule of Civil Procedure 52(b).

**INTRODUCTION**

Pursuant to its eminent domain authority under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and a Certificate of Public Convenience and Necessity issued by the Federal Energy Regulatory Commission (the "FERC Certificate"), Columbia moved for partial summary judgment and for immediate access to property owned by Defendants Kenneth T. Bosley and Phyllis B. Bosley (the "Bosleys"), and Balama Farms, Inc. ("Balama," and collectively with the Bosleys, the "Landowners"). *See* ECF Nos. 23 & 24. On May 21, 2014, the Court heard argument from the parties before holding that it would grant Columbia's motions subject to

Columbia posting a bond as security for the Landowners' interests during the subject horizontal directional drilling survey ("HDD survey").

Both Columbia and the Landowners filed their respective positions concerning an appropriate bond amount. Columbia proposed a bond in the amount of $3,000, while the Landowners requested that the bond amount be set at $1,273,000 for the Bosley property and $741,000 for the Balama property, for a total bond amount of over $2 million dollars. *See* ECF Nos. 30 & 31. The Court then issued an order requiring Columbia to post a bond in the amount of $10,000. *See* ECF No. 32. Columbia has since complied with that order and posted a cash bond of $10,000. *See* ECF Filing of June 26, 2014.

The Landowners have filed the pending Motion for Additional Findings and Amended Judgment Pursuant to Federal Rule of Civil Procedure 52(b), requesting that the Court reconsider its intention to grant Columbia's motion for partial summary judgment and motion for immediate possession and access to property or, in the alternative, to require Columbia to post the bond amount requested by the Landowners. For the reasons addressed below, the Court should deny the Landowners' motion.

## ARGUMENT

**A.     Standard of Review.**

The Landowners rely on Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure to rescind or amend the order setting the bond amount.[1] The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended in only three

---

[1] This Court has interpreted Rule 52(b) to require a showing of a "clear error of law" or "manifest injustice" that is coextensive with the requirements of Rule 59(e), in order to warrant amendment of the court's findings. *See Allcarrier Worldwide Servs., Inc. v. United Network Equip. Dealer Ass'n*, 2011 U.S. Dist. LEXIS 136509, at *4 (D. Md. Nov. 29, 2011) (declining to make additional findings pursuant to Rule 52 or to amend judgment under Rule 59, reasoning that the Rule 59 standard was not met).

circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)).  Rule 59(e) does not enable a party to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Inc. Co.,* 148 F.3d at 403.  Moreover, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Id.* (citation omitted).  Where a party seeks reconsideration on the basis of clear error, the earlier decision cannot be "just maybe or probably wrong; it must…strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation omitted).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

**B.     The Landowners Fail to Show that the Court Committed Clear Legal Error.**

The Landowners contend that the Court committed a clear legal error by finding that Columbia is entitled to access the Landowners' property because the Landowners are allegedly outside of the scope of project maps filed with FERC. *See* ECF No. 33 at 10-12.  However, the Landowners rely on inapplicable case law for this alleged "map rule" requiring Columbia to adhere to detailed project maps for its pipeline easement location, as well as the location of potential HDD boreholes that it has been directed to study by permitting authorities.  The Landowners rely on case law concerning underground storage fields, not transmission pipelines such as Columbia is constructing here. *See, e.g.*, *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1097-98 (9th Cir. 2008).

Because a certificate of public convenience and necessity for an underground storage field identifies those properties that a gas company has exclusive rights to lease the underground natural gas reserves, the specific borders of the designated area must be precisely stated and designated on a map filed with the FERC application.  For example, in *Columbia Gas Transmission Corp. v. An Exclusive Gas Storage Easement*, the court determined that, even though gas belonging to Columbia had travelled underground to the defendants' property, Columbia could not enforce an exclusive right to the natural gas because the defendants' property was outside the bounds of the area designated by FERC for Columbia's exclusive gas rights.  *See* 578 F. Supp. 930, 935 (N.D. Ohio 1983).  Columbia is aware of no authority that would require it to adhere to a particular "map rule" as to the precise route of its gas transmission pipeline or, more specific to this case, the potential borehole locations which it was directed to study for potential HDD water body crossing points.  The Landowners have not shown that the Court committed clear legal error on this point.

Contrary to the Landowners' assertions, Columbia's requirements are set forth in Rule 71.1 of the Federal Rules, which requires only an identification of:

> (A) the authority for the taking; (B) the uses for which the property is to be taken; (C) *a description sufficient to identify the property*; (D) the interests to be acquired; and (E) for each piece of property, a designation of each defendant who has been joined as an owner or owner of an interest in it.

FED. R. CIV. P. 71.1(c)(2) (emphasis added).  The information Columbia provided about the location of the borehole and the identification of both the Bosley and Balama Properties is sufficient here.  *See Hardy Storage Co., LLC v. An Easement To Construct, Operate & Maintain 12-Inch & 20-Inch Transmission Pipelines*, 2006 U.S. Dist. LEXIS 19210, at *10-11 (N.D. W. Va. Apr. 12, 2006) (finding drawings and brief descriptions of easements are sufficient to

identify the sizes of easements). The Court did not commit a clear legal error in this matter and the Landowners' motion should be denied.

Moreover, the Landowners' reliance on *Mid-Atlantic Express, LLC v. Baltimore Cnty., Md.*, is similarly misplaced. *See* 410 Fed. Appx. 653 (4th Cir. 2011). In that case, the appellate court vacated the trial court's preliminary injunction ruling permitting early access to property to conduct certain surveys. The basis for the decision to vacate was specific language in the certificate of public convenience and necessity limiting Mid-Atlantic's eminent domain authority until it received certain approvals. *See id.* at 657. The FERC Certificate here contains no such specific limitation or condition precedent on Columbia's right to exercise eminent domain authority to complete the Line MB Expansion Project. *See* ECF No. 24, Ex. 2 (Affidavit of Jennifer Cannon and accompanying FERC Certificate). Thus, this case is entirely distinguishable from *Mid-Atlantic*, which does not support the Landowners' argument that the Court committed clear error in determining that Columbia has the right to access the Landowners' properties.

C.  **The Landowners' Other Arguments Do Not Show that the Court Should Amend its Order.**

The Landowners offer several other arguments for why the Court should revise its Order, none of which have merit. First, the Landowners provide mere speculation that they will be substantially damaged by Columbia's HDD survey work. For example, the Landowners cryptically suggest that Columbia will not admit the true extent of the HDD survey's intrusiveness, they assume that their property will be damaged by heavy equipment, and they imply that Columbia's survey work will potentially cause them years of lost crops, wetlands, vegetation, and interference with hunting and farming. *See* ECF No. 33 at 3-5. These

unsubstantiated allegations and assumptions cannot justify rescinding or revising the Court's order concerning an appropriate bond amount.

Second, the Landowners allege that, because the Court issued its order setting the bond amount several hours after the Landowners filed their position on the issue, the Court could not have properly considered it. *See* ECF No. 33 at 7-8. Similarly, the Landowners further contend that the Court erred in relying on Columbia's request for a $3,000 bond amount when that amount did not account for the fact that there are two parcels of land at issue in this matter. *See* ECF No. 33 at 12. Both of these arguments fail to take into account the fact that, rather than simply ordering Columbia to post the $3,000 bond amount it proposed, the Court ultimately ordered Columbia to post an amount more than three times higher than that amount. The obvious conclusion is that the Court considered both parties' positions and set the bond amount accordingly.

The arguments put forth by the Landowners in their motion fail to show one of the three circumstances justifying an amendment to the Court's prior order, such as "to correct a clear error of law or prevent manifest injustice," is present here. *Pac. Ins. Co.*, 148 F.3d at 403. As such, the Landowners' motion must be denied.

## **CONCLUSION**

For the foregoing reasons, the Landowners have not established that the Court committed clear legal error in entering its Order setting the preliminary injunction bond amount or in indicating its intent to grant Columbia's Motion for Partial Summary Judgment and Motion for Immediate Possession and Access to Property. Defendants' Motion for Additional Findings and Amended Judgment Pursuant to Federal Rule of Civil Procedure 52(b) should be denied.

Dated: June 27, 2014                    Respectfully submitted,

                                                     **COLUMBIA GAS TRANSMISSION LLC**

                                                     *By Counsel*

                                                          /s/ *Jessica D. Fegan*
                                                John D. Wilburn (Federal Bar No. 16902)
                                                Stephen P. Mulligan (admitted *pro hac vice*)
                                                **MCGUIREWOODS LLP**
                                                1750 Tysons Boulevard, Suite 1800
                                                Tysons Corner, VA  22102
                                                Telephone:  (703) 712-5000
                                                Facsimile:   (703) 712-5281
                                                jwilburn@mcguirewoods.com

                                                Jessica D. Fegan (Federal Bar No. 28660)
                                                **MCGUIREWOODS LLP**
                                                2001 K Street, N.W., Suite 400
                                                Washington, D.C. 20006
                                                Telephone: (202) 857-1728
                                                Facsimile:   (202) 828-3328
                                                jfegan@mcguirewoods.com
                                                *Counsel for Columbia Gas Transmission LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of June, 2014, I electronically filed the foregoing Opposition to Motion for Additional Findings and Amended Judgment Pursuant to Federal Rule of Civil Procedure 52(b) with the Clerk of the Court using the CM/ECF system, which sent a notice to the following:

>Carolyn Elefant
>LAW OFFICES OF CAROLYN ELEFANT
>2200 Pennsylvania Ave, NW, Fourth Floor
>Washington, D.C. 20037
>*Counsel for Defendants Balama Farms, Inc.,*
>*Kenneth Bosley, and Phyllis Bosley*

>   /s/  *Jessica D. Fegan*
>Jessica D. Fegan (Federal Bar No. 28660)
>**MCGUIREWOODS LLP**
>2001 K Street, N.W., Suite 400
>Washington, D.C. 20006
>Telephone: (202) 857-1728
>Facsimile: (202) 828-3328
>jfegan@mcguirewoods.com
>*Counsel for Columbia Gas Transmission LLC*