IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

COLUMBIA GAS TRANSMISSION LLC,    *

    Plaintiff,    *

       v.    *    CIVIL NO.: JFM-14-220

THOSE CERTAIN PARCELS IN    *
BALTIMORE COUNTY AND HARFORD
COUNTY, MARYLAND *et al.*,    *

    Defendants.    *

              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Columbia Gas Transmission LLC ("Columbia") filed condemnation suits against certain properties, including 150 acres owned by Kenneth T. Bosley and Phyllis B. Bosley ("the Defendants"). Pending is Columbia's second motion for a temporary restraining order. ECF No. 55. On January 15, 2015, the Court held a conference call hearing on the motion. For the following reasons, as stated on the record, the motion was denied without prejudice.

I.   Background

   A. Procedural History

On January 27, 2014, Columbia filed a condemnation suit against certain properties in Baltimore and Harford Counties, Maryland. ECF No. 1. Kenneth T. Bosley and Phyllis B. Bosley

("the Defendants") owned one of the affected parcels. Columbia sought easements in the properties to conduct geotechnical surveys necessary for the construction and operation of proposed natural gas pipeline facilities, but was unable to reach an agreement with the Bosleys. *See id*. at ¶ 2. On July 25, 2014, Judge J. Frederick Motz granted partial summary judgment for Columbia and awarded a preliminary injunction granting access to the property. ECF No. 38.

On August 13, 2014, Columbia filed a motion for a contempt order. ECF No. 40. On August 14, 2014, Columbia filed an emergency motion for a temporary restraining order ("TRO"). ECF No. 41. Columbia alleged that the Defendants and their son were interfering with Columbia's use of the property. *Id*. On August 15, 2014, Judge Richard Bennett held a hearing on the motion. Judge Bennett declined to rule on the motion for a temporary restraining order, but emphasized that the Defendants must comply with a court order or risk contempt; he left the motion open for Judge Motz.[1] On August 18, 2014, Judge Motz held a conference call with the parties.[2] It appears from the record that Judge Motz saw no need to augment his July 25th order with a ruling on Columbia's temporary restraining order motion.

---

[1] Judge Bennett issued his ruling from the bench, and no written order was entered on the record. *See* ECF No. 55-1 at 3.

[2] There was no court reporter at the conference call.

On January 12, 2015, Columbia filed a second motion for a temporary restraining order.  ECF No. 55.  Columbia requested that the Court, "enjoin[] and restrain[] [the Defendants] from interfering with or disturbing Columbia's survey work," and require the Defendants to "keep a minimum of one hundred (100) feet from" any Columbia personnel, machinery, or designated work areas.  ECF No. 55-6 (proposed order).  On January 14, 2015, Columbia filed an emergency request for hearing.  ECF No. 56.  On January 15, 2015, the Court held a hearing on the motion.

B. The Parties' Allegations

Columbia alleges that the Defendants have continuously interfered with their access to the property.  Because of threats by the Defendants, Columbia hired armed off-duty police officers to escort its workers on the property.[3]  See ECF No. 55-1 at 1-2.  Columbia alleges that the Defendants' son "approached Columbia's employees while pretending to conceal a weapon," and "prevented Columbia from bringing its employees, contractors, and equipment onto the property by blocking the access road with his body and/or car."  ECF No. 55-1 at 2.  During the hearing,

---

[3] The Defendants testified that they were unaware that these individuals were off-duty police officers.  The Defendants only knew that "armed guards" were entering their property.  When they questioned Columbia and the guards, the Defendants allege that they were met with hostility, their questions went unanswered, and the guards did not identify themselves as police officers.

counsel for Columbia represented that Columbia's employees fear for their safety,[4] and the TRO would ensure their safety. *See, e.g.,* Hearing Tr. at 19:22-20:8; *see also* ECF No. 55-2 (Declaration of Tanya Johnson) at 2-3. In response to the Court's questions, Columbia's representative stated that Columbia would only need to remain on the property for "somewhere between 30 days or less," to complete drilling for the geotechnical survey and to restore the land. *Id.* at 16:11-17.

At the hearing, the Defendants swore that they have never purposefully interfered with Columbia's access to the property. *See, e.g., id.* at 6:8-25. They say that they have provided continuous access and are willing to permit Columbia's completion of core sample collection and restoration of the property. *See id.* at 9:15-18; 16:7-18:9. They acknowledge that they have questioned Columbia's employees about the extent of their access to the property because the Defendants believe that Columbia has exceeded the scope of Judge Motz's order. *See, e.g., id.* at 7:23-8:3; 11:4-13; 19:1-11. Mr. Bosley testified that Columbia had access to, and was on, the property as recently as January 14, 2014. *Id.* at 8:14-25.

---

[4] Although Columbia says its people fear for their safety on the Defendants' property, *see* ECF No. 55-2 at 2-3, the Defendants say that the presence of armed guards on their property has made the Defendants fearful, *see* Hearing Tr. at 7:5-10; 13:8-14:3.

A large part of the hearing was devoted to the parties'
arguments about the scope of Judge Motz's order and whether it
had been exceeded by Columbia.  The Defendants repeatedly asked
the Court to clarify Judge Motz's order, and provide written
restrictions on Columbia's access to their property.  *See id*. at
19:1-11.

II.  Analysis

The standard for granting a temporary restraining order and
a preliminary injunction under Fed. R. Civ. P. 65(b) is the
same.[5]  Temporary injunctive relief is an "extraordinary remed[y]
involving the exercise of very far-reaching power [and is] to be
granted only sparingly and in limited circumstances."
*MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th
Cir. 2001) (internal quotation marks omitted).  Because such
relief "requires that a district court, acting on an incomplete
record, order a party to act, or refrain from acting, in a
certain way," "[t]he danger of a mistake in this setting is
substantial."  *Hughes Network Sys., Inc. v. InterDigital
Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (internal
quotation marks omitted).

_____

[5] *See, e.g., Montgomery v. Housing Auth. of Balt. City*, 731 F.
Supp. 2d 439, 441 (D. Md. 2010); *Ficker v. Tuohy*, 305 F. Supp.
2d 569, 571 (D. Md. 2004).

To obtain a temporary restraining order, the movant must demonstrate that: (1) it's likelihood to succeed on the merits; (2) it's likelihood to suffer irreparable harm absent such relief; (3) the balance of equities favors it; and (4) the relief sought is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Here, the determination of Columbia's entitlement to relief depends upon the resolution of factual disputes between Tanya Johnson's declaration and the Defendants' hearing testimony. Columbia provided no clear indication why emergency relief is necessary given the acknowledgment that Columbia has had continuing access,[6] its employees are accompanied by armed off-duty police officers, and the Defendants have stated their willingness to permit access until the work is completed.[7] *See* Hearing Tr. at 7:5-10; 9:15-18; 13:8-14; 16:7-18:9.

---

[6] Columbia returned to the property the day before the hearing without incident.

[7] *See H. Jay Spiegel & Assocs. v. Spiegel*, 652 F. Supp. 2d. 630, 633-34 (4th Cir. 2008) ("The threatened irreparable harm must be 'actual and imminent,' not remote or speculative.").

For these reasons, Columbia's second motion for a temporary restraining order was denied without prejudice. *See Sinclair Refining Co. v. Midland Oil Co.*, 55 F.2d 42, 45 (4th Cir. 1932) ("[T]he granting of a temporary restraining order or preliminary injunction is within the sound judicial discretion of the court . . . ."). Based on the facts presented at the hearing, Columbia still has access to the property, and has exercised that right of access as recently as January 14, 2015. The Court emphasizes that the Defendants must comply with any prior court orders.

It is apparent to the Court that the parties' true contentions surround the scope of Judge Motz's prior order, and that many of the confrontations between the Defendants and Columbia arise out of their differing interpretations of what Judge Motz's order grants Columbia. The clarification of the order and the prescription of limitations should be left to the discretion of Judge Motz, who is the best authority on the scope of his order. If the parties require clarification, they should seek it from Judge Motz.

III. Conclusion

For the reasons stated above, Columbia's motion for a temporary restraining order was denied without prejudice during the phone conference hearing on January 15, 2015.


_____1/21/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge